FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 2 3 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE NESTOR ESPINAL,

                      Petitioner,

   -against-

PEOPLE of the STATE OF NEW YORK,

                      Respondent.
-----------------------------------------------------------X

10-CV-5649 (TCP)

**MEMORANDUM
AND ORDER**

PLATT, District Judge.

      Before the Court is Jose Nestor Espinal's ("petitioner") application pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. For the following reasons, petitioner's application is hereby **DENIED**.

## Background

*Facts*

      Petitioner, a native of El Salvador with Temporary Protection Status, has been living in the United States for over twelve years.[1] On or about July 31, 2009, petitioner was charged with assault in the first degree, assault in the second degree and gang assault in the first degree. The charges resulted from an incident in Westbury, New York after petitioner and several cohorts stabbed another man numerous times in the chest and abdomen.

*The Plea and Sentence*

      On December 11, 2009, petitioner appeared before the Honorable William C. Donnino, Supreme Court, Nassau County, New York to plead guilty based on a previously negotiated plea agreement. The transcript from petitioner's plea hearing shows that petitioner withdrew his not

---

1. The facts are taken from the petitioner's complaint, government's opposition and other documents in the record.

guilty plea and pled guilty to the charges. DE 6-1 p. 4. His attorney advised the court that he had informed petitioner that he waived his right to appeal by pleading guilty. The attorney also advised petitioner that despite his current legal status in the United States, immigration consequences could result from his guilty plea. The attorney asked petitioner in open court if the foregoing was correct, to which petitioner replied, "Yes." *Id.* at p. 5.

During petitioner's allocution by Judge Donnino, he testified that he had spoken to his lawyer prior to pleading guilty and was satisfied with his attorney's services. He also swore that he understood he gave up the right to remain silent and not incriminate himself by pleading guilty. *Id.* at 7. Petitioner then pled guilty to attempted assault in the second degree, a felony. *Id.* at p. 8. Among other things, Judge Donnino asked petitioner if he understood that "if you are not a citizen of the United States, your plea of guilty will subject you to deportation, exclusion from admission to the United States and denial of naturalization." Petitioner replied, "Yes." *Id.* at p. 12.

On March 10, 2010, petitioner and his attorney appeared before the Honorable Norman St. George, Supreme Court, Nassau County, New York for sentence. Petitioner was sentenced to six months incarceration and five years probation along with monetary fines, fees and surcharges. DE 6-2 p. 3.

*Petitioner's Motion to Vacate Judgment*

On or about August 19, 2010, petitioner moved to vacate his judgment of conviction pursuant to New York's Criminal Procedure Law ("CPL") § 440.10(1)(h).[2] He alleged that he

---

2. New York Criminal Procedure Law § 440.10(1)(h) provides that at any time after entry of a judgment, "the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . [t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United

received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney "at no point in time" advised petitioner about the impact of the guilty plea on his immigration status. DE 6-3 p. 1-2. The court reviewed the plea transcript and pointed out that it had advised the petitioner at the time he changed his plea "regarding the possible Immigration consequences of his plea." DE 6-5 p. 1. The court also found that defense counsel had explained to petitioner the potential consequences he might have with immigration by pleading guilty to a non-violent felony. *Id.* It held that notwithstanding counsel's explanation, petitioner "agreed to withdraw his former plea of not guilty and plead guilty." *Id.* By Decision and Order dated November 30, 2010, Judge St. George denied petitioner's motion to vacate as baseless and meritless. DE 6-5 p. 2.

## *Petitioner's Application for a Writ of Habeas Corpus*

Petitioner now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. He contends that the New York State court "willfully and unreasonably" delayed and refused to respond to his motion to vacate the judgment in his state court criminal case. DE 1 p. 12. Petitioner asks this Court to compel the state court to respond to his motion. *Id.* at p. 1. In the alternative, petitioner requests that this Court decide his state motion on its merits. *Id.* at p. 13.

## Discussion

### *Legal Standard*

"In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States."

States." *McCool v. New York State*, 29 F. Supp. 2d 151, 157 (W.D.N.Y. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." A federal court may grant a writ of habeas corpus to a state prisoner where the federal claim was "adjudicated on the merits" in state court only when adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a).

"An 'adjudication on the merits' is a "substantive, rather than a procedural, resolution of a federal claim.' " *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the

federal claim or to relevant federal case law." *Id.*

Where a state court has not adjudicated a state prisoner's federal claim on the merits, the " '[the court applies] the pre-AEDPA standards and review[s] *de novo* the state court disposition of the petitioner's federal constitutional claims.' " *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003) (quoting *Cotto v. Herbert*, No. 01 Civ. 2694, 2003 WL 1989700, at *6 (2d Cir. May 1, 2003)).

Title 28 U.S.C. § 2254(e)(1) provides that the "determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

***Petitioner's Application for a Writ of Habeas Corpus is Denied***

Contrary to petitioner's claim that the state court refuses to decide his CPL § 440.10(1)(h) motion to vacate, the state court denied his motion by Decision and Order dated November 30, 2010, as discussed above. This was approximately three months after petitioner moved for relief. The government represents that on December 13, 2010, it sent a copy of the decision with Notice of Entry to petitioner at the same address used by him in the instant habeas petition. DE 6 p. 9. Accordingly, his petition asking this Court to compel the state court to decide his motion to vacate is denied as moot.

Furthermore, petitioner's request that this Court decide his motion to vacate on its merits is also denied. It is well-settled that a "state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing cases). The exhaustion requirement is codified at 28

U.S.C. § 2254(b)(1)(A), which provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."

As the government points out, petitioner is under the impression that the trial court has not yet decided his motion and therefore, he has not appealed the decision to New York's Appellate Division or Court of Appeals. Accordingly, his claims are unexhausted and may not be considered by a federal court.

## Conclusion

For the foregoing reasons, petitioner's application for a writ of habeas corpus is hereby **DENIED**.

**SO ORDERED.**

Dated: October 23, 2013
      Central Islip, New York

/s/
_____
Thomas C. Platt, U.S.D.J.